UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HERBERT EDWARD MILLER,

          Plaintiff,

   v.

JP MORGAN CHASE BANK, N.A. et al,

          Defendant.

No.  2:21-cv-00061-JAM-KJN

**ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
MOTION TO DISMISS**

    I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND[1]

    In November 2007, Plaintiff borrowed $440,000.00 from Washington Mutual Bank, FA ("WAMU"), secured by a Deed of Trust ("DOT"), to finance his purchase of real property located at 305 Hilton Drive, Applegate, California (the "Property").  Compl. ¶¶ 15, 103, ECF No. 1; Defendants' Req. for Judicial Notice ("RJN"), ECF No. 9, Ex. A.  Plaintiff, however, contends that WAMU was not the actual lender, despite being so named, rendering the promissory note and DOT void.  Compl. ¶ 15.  Additionally, Plaintiff alleges that the DOT is void because he could not have conveyed any interest or title as security since he did not receive the grant deed until the day after such purported

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for April 20, 2021.

1

transfer.  Id.

In August 2011, WAMU transferred its interest in the loan to JP Morgan Chase Bank, N.A. ("Chase").  Compl. ¶¶ 38-39. Plaintiff alleges that this assignment was void for a variety of reasons.  Compl. ¶¶ 43-49.  Plaintiff defaulted on his loan and Chase initiated foreclosure proceedings in August 2011 with the recordation of a notice of default.  RJN Ex. D.  Plaintiff then filed suit on July 2, 2012, in Placer County Superior Court against Chase, California Reconveyance, and Does 1 through 10. RJN Ex. E.  Plaintiff asserted claims for (1) breach of trust instrument; (2) wrongful foreclosure; (3) unfair business practices; (4) negligent misrepresentation; and (5) quiet title. Id.  All of these claims arose out of the alleged wrongful pending foreclosure proceeding of the Property by the defendants. In sum, Plaintiff alleged that defendants lacked the legal right to foreclose upon the property because defendants had no interest in the property as Plaintiff received the grant deed to the Property a day after the deed of trust, WAMU did not fund his loan, and no consideration was paid for the assignment of the lien.  On December 13, 2012 the State Court dismissed with prejudice all of Plaintiff's claims.  RJN Ex. G.

In March 2013, before the Property sold at foreclosure, Plaintiff filed for Chapter 11 Bankruptcy.  RJN Ex. K.  As a result, the foreclosure sale was cancelled, and the notice of default was rescinded.  RJN Ex. J.  After termination of the bankruptcy, Chase transferred its interest in the lien to U.S. Bank Trust, N.A. as trustee for LSF9 Master Participation Trust ("LSF9 MPT").  RJN Ex. L.  In August 2015, foreclosure

1  proceedings were reinitiated with the recordation of a new notice

2  of default.  RJN Ex. M.  Plaintiff filed a second suit against

3  LSF9 MPT and Chase, among others, in the County of Placer

4  Superior Court.  RJN Ex. N.  The case was removed to this Court

5  and dismissed for lack of prosecution.  RJN Ex. O-R.

6      Thereafter, the foreclosure trustee proceeded with non-

7  judicial foreclosure by recording a notice of trustee's sale on

8  May 12, 2017, specifying the date of sale as June 15, 2017.  RJN

9  Ex. S.  On June 14, 2017, one day before the scheduled sale,

10  Plaintiff filed his third complaint in State Court.  RJN Ex. T.

11  He named Caliber as the defendant because Caliber had replaced

12  Chase as the loan servicer, suing for: (1) intentional

13  interference with contractual relationship; (2) intentional

14  misrepresentation; and (3) violation of California Civil Code

15  2924.17.  Id.  Again, the gravamen of his complaint was that

16  defendants had no interest in the Property and could not

17  foreclose because he received the grant deed to the Property a

18  day after the deed of trust, WAMU did not fund his loan, and no

19  consideration was paid for the assignment of the lien.  Id.

20  Despite this, the trustee's sale was held on June 15, 2017, as

21  planned, at which LSF9 MPT received title by way of a trustee's

22  deed upon sale recorded on June 26, 2017.  RJN Ex. U.  Following

23  the sale, Caliber demurred the 2017 complaint and the case was

24  dismissed with prejudice.  RJN Ex. V.

25      After foreclosure in July 2017, LSF9 MPT filed an unlawful

26  detainer action.  RJN Ex. W.  Plaintiff failed to timely respond

27  to the complaint and on September 22, 2017, judgment was entered

28  in LSF9 MPT's favor against Plaintiff.  RJN Ex. X.  Plaintiff

fought to overturn the judgment but was unsuccessful.  RJN Ex. Y.
On March 26, 2018, Plaintiff was served with an unlawful detainer
eviction notice.  RJN Ex. Z.  The notice explained that if the
premises were not vacated within five days after service of the
notice, the levying officer would remove the occupants from the
Property and place the judgment creditor in possession.  Id. at
4.  The notice also warned that personal property remaining on
the premises would be sold or otherwise disposed of unless the
owner paid the judgment creditor the reasonable cost of storage
and took possession of the personal property no later than
fifteen days after the judgment creditor took possession of the
premises.  Id.  Plaintiff alleges that sometime in June or July
2018, LSF9 MPT took possession of the Property and his personal
possessions were removed.  Compl. ¶ 139.  Around July 3, 2018,
Plaintiff demanded the return of his personal property, but LSF9
MPT refused.  Id. ¶ 140.

        In January 2020, Plaintiff filed a Chapter 11 bankruptcy
petition and a related adversary complaint.  RJN Ex. BB.  In
November 2020, the bankruptcy court dismissed the petition.  RJN
Ex. CC.  In January 2021, Plaintiff then filed the instant action
against Chase, Caliber, LSF9 MPT, and Does 1-20 inclusive
alleging: (1) intentional interference with economic
relationship; (2) negligent interference with economic
relationship; (3) wrongful foreclosure; (4) negligent
misrepresentation; (5) quiet title; (6) conversion; and (7)
violation of the automatic stay.  See generally Compl.  As in the
prior suits, Plaintiff alleges Defendants had no interest in the
property because he received the grant deed to the Property a day

4

after the deed of trust, WAMU did not fund his loan, and no

consideration was paid for the assignment of the lien.  Compl.

¶¶ 14-26.  Caliber and LSF9 MPT ("Defendants") then brought this

motion to dismiss all of Plaintiff's claims.  Mot. to Dismiss

("Mot."), ECF No. 8.  Plaintiff opposed this motion.  Opp'n, ECF

No. 14.  Defendants replied.  Reply, ECF No. 19.  For the reasons

stated below the Court GRANTS IN PART AND DENIES IN PART

Defendants' Motion to Dismiss.

## II.   OPINION

### A.   Legal Standard

Dismissal is appropriate under Rule 12(b)(6) of the Federal

Rules of Civil Procedure when a plaintiff's allegations fail "to

state a claim upon which relief can be granted."  Fed. R. Civ.

P. 12(b)(6).  "To survive a motion to dismiss [under Rule(b)(6)]

a complaint must contain sufficient factual matter, accepted as

true, to state a claim for relief that is plausible on its

face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal

quotation marks and citation omitted).  While "detailed factual

allegations" are unnecessary, the complaint must allege more

than "[t]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements."  Id.  "In sum,

for a complaint to survive a motion to dismiss, the non-

conclusory 'factual content,' and reasonable inferences from

that content, must be plausibly suggestive of a claim entitling

the plaintiff to relief."  Moss v. U.S. Secret Serv., 572 F.3d

962, 969 (9th Cir. 2009).

### B.   Judicial Notice

Generally, a district court may not consider any material

1   beyond the pleadings when ruling on a 12(b)(6) motion.  Lee v.

2   City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

3   However, the court may consider material which is properly

4   submitted as part of the complaint or those subject to judicial

5   notice, without converting a motion to dismiss into a motion for

6   summary judgment.  Id. at 688-69.  Additionally, the court may

7   consider a document not attached to the complaint if it is

8   referred to extensively in the complaint or forms the basis of a

9   claim.  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir.

10  2003).

11      Defendants have requested the Court take judicial notice of

12  exhibits A through CC.  See RJN.  Because these are all matters

13  of public record, they are proper subjects of judicial notice.

14  Lee, 250 F.3d at 689.  Accordingly, Defendants' requests for

15  judicial notice is GRANTED.

16      C.   Analysis

17           1.   Claim Preclusion

18      Under the Full Faith and Credit Act, federal courts must

19  give state judicial proceedings "the same full faith and credit

20  . . . as they have by law or usage in the court of [the] State

21  . . . from which they are taken."  Parsons Steel, Inc. v. First

22  Alabama Bank, 474 U.S. 518, 519 (1986) (quoting 28 U.S.C.

23  § 1738).  This requires federal courts apply the state's

24  preclusion rules to judgments issued by courts of that state.

25  Id. at 523.  Accordingly, California law applies in determining

26  the preclusive effect of the prior California judgements.  Robi

27  v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir. 1988).

28      In California claim preclusion "prevents relitigation of

the same cause of action in a second suit between the same

parties or parties in privity with them." Mycogen Corp. v.

Monsanto Co., 28 Cal.4th 888, 896 (2002).  Claim preclusion

arises when: "(1) [a] claim [. . .] raised in the present action

is identical to a claim [. . .] litigated in a prior proceeding;

(2) the prior proceeding resulted in a final judgment on the

merits; and (3) the party against whom the doctrine is being

asserted was a party or in privity with a party to the prior

proceeding." Boeken v. Philip Morris USA, Inc., 48 Cal.4th 788,

797 (2010) (internal quotation marks omitted).

*Identical Claims*

To determine whether prior proceedings involve the same

claim or cause of action "California has consistently applied

the 'primary rights' theory, under which the invasion of one

primary right gives rise to a single cause of action." Kay v.

City of Rancho Palos Verdes, 505 F.3d 803, 809 (9th Cir. 2007)

(internal quotation marks and citation omitted).  "[I]f two

actions involve the same injury to the plaintiff and the same

wrong by the defendant then the same primary right is at stake

even if in the second suit the plaintiff pleads different

theories of recovery, seeks different forms of relief and/or

adds new facts supporting recovery." San Diego Police Officers'

Ass'n v. San Diego City Emps. Ret. Sys., 568 F.3d 725, 734 (9th

Cir. 2009) (quoting Eichman v. Fotomat Corp., 147 Cal.App.3d

1170, 1174 (1983)).

Here, Plaintiff filed suit on July 27, 2012, in Placer

County Superior Court against JP Morgan Chase, California

Reconveyance Co., and Does 1 through 10 for: (1) breach of trust

instrument; (2) wrongful foreclosure; (3) unfair business practices; (4) negligent misrepresentation; and (5) quiet title. RJN Ex. E.  The Superior Court, finding all the causes of action failed to state a claim, dismissed it with prejudice on December 13, 2012.  RJN Ex. G.  Plaintiff filed another complaint in Placer County Superior Court on June 14, 2017 against Caliber Home Loans Inc., its officers and directors, and Does 1-10 for (1) intentional interference with contractual relationship; (2) intentional misrepresentation; and (3) violation of California Civil Code § 2924.17.  RJN Ex. T.  On October 30, 2017 the Court again dismissed all the claims with prejudice finding them to be barred by the doctrine of res judicata.  RJN Ex. V.

Defendants argue that other than Plaintiff's sixth claim for conversion, Plaintiff's claims are barred by claim preclusion.  Mot. at 6-8; Reply at 3.  Plaintiff relying on Fullington v. Equilon Enterprises, 210 Cal.App.4th 667 (2012), argues that because new facts have occurred, mainly the recording and notice of the actual foreclosure, his claims are not barred by claim preclusion.  Opp'n at 2.  But Plaintiff's reliance on Fullington is misplaced, as that case involved a prior Texas judgment.  Accordingly, the Court in Fullington applied the preclusion law of Texas, which defines a cause of action under the transactional rather than primary rights approach.  See Fullington, 210 Cal.App.4th at 675-76.

Many district courts have found that pre-foreclosure suits challenging the rights of defendants to foreclose on a property involve the same primary right as those brought after

foreclosure has occurred, namely the right to be free from

unlawful foreclosure.  See e.g. Harold v. Wells Fargo Bank,

N.A., No. 19-CV-08020-JST, 2020 WL 3867203, at *4 (N.D. Cal. May

29, 2020); Turner v. Bank of New York, 2019 WL 4040139 (N.D.

Aug. 26, 2019); Lomeli v. JPMorgan Chase Bank, N.A., No.

CV1504022-MWF, 2015 WL 12746210, at *6 (C.D. Cal. Oct. 5, 2015).

As one Court explained:

> [T]he primary right for which Plaintiff seeks redress is
> her right to the foreclosed property.  The harm for which
> Plaintiff sought relief in state court is the same harm for
> which she now seeks to hold Defendants liable—the allegedly
> wrongful foreclosure of her property.  The actions in state
> court and this Court concern the same property, same deeds,
> and same foreclosure sale.  Because Plaintiff has already
> filed an action challenging Defendants' authority to
> foreclose, she may not file another seeking to challenge
> the foreclosure on different grounds.  Lomeli, 2015 WL
> 12746210, at *6.

Recently, a California Court of Appeals also found that a

post-foreclosure action involved the same primary right as a

prior pre-foreclosure suit.  Colebrook v. CIT Bank, N.A., 2021

WL 1960404 at *3 (Cal. Ct. App. May 17, 2020).  In so holding,

the Court rejected plaintiff's argument that res judicata did

not apply because the factual and legal issues in the later

lawsuit differed, noting that "all of her claims [were] premised

upon and flow[ed] from respondent's allegedly wrongful

interference with her ownership rights in the property."  Id.

The Court explained that the later action involved the same

injury—her loss of interest in the property—as the prior suits,

which arose out of the same loan and involved the same property.

Id.  Accordingly, claim preclusion barred her subsequent causes

1    of action challenging the foreclosure.   Id.

2         Similarly, here, Plaintiff's first, second, third, fourth,

3    fifth, and seventh causes of action all challenge the validity

4    of the foreclosure based on an invalid deed of trust and

5    promissory note.   See Compl. ¶¶ 102- 135.   This involves the

6    same primary right as that involved in the prior actions, his

7    right to the foreclosed property.   "Because Plaintiff has

8    already filed an action challenging Defendants' authority to

9    foreclose, [he] may not file another seeking to challenge the

10   foreclosure on different grounds."   Lomeli, 2015 WL 12746210 at

11   *6.   Accordingly, the Court finds Plaintiff's first, second,

12   third, fourth, fifth, and seventh claims involve the same cause

13   of action as the prior suits and the first element of res

14   judicata is met.   However, Plaintiff's sixth claim for

15   conversion involves a different primary right, his right to

16   those personal possessions taken during the foreclosure.   See

17   McNulty v. Copp, 125 Cal.App.2d 698, 709 (1954) ("In the instant

18   case we have the violation of two separate rights—the one

19   concerned with real property, the other with personal

20   property.")

21              *Final Judgement on the Merits*

22        A dismissal with prejudice is the equivalent of a final

23   judgment on the merits, barring the entire cause of action.

24   Boeken v. Philip Morris USA, Inc., 48 Cal.4th 788, 793 (2010).

25   Here, all of Plaintiff's claims in his first and third suit were

26   dismissed with prejudice.   RJN Ex. G, V.   Accordingly, there was

27   a final judgment on the merits in each case, precluding suit on

28   the same causes of action.

1              *Same Parties or Those in Privity*

2       For the final element of res judicata, the defendants in

3  the present action must be identical to, or in privity with, the

4  defendants in the prior action.   Boeken, 48 Cal.4th at 797.

5  Privity may be established by "a mutual or successive

6  relationship to the same rights of property, or to such an

7  identification in interest of one person with another as to

8  represent the same legal rights."   Citizens for Open Access to

9  Sand & Tide, Inc. v. Seadrift Ass'n, 60 Cal.App.4th 1053, 1069

10 (1998).   "In the context of home foreclosures, courts have found

11 that assignors and assignees of a mortgage are in privity with

12 one another."   Lomeli v. JPMorgan Chase Bank, N.A., No. 15-cv-

13 04022-MWF(PJWx), 2015 WL 12746210, at *6 (C.D. Cal. Oct. 5,

14 2015) (internal citations omitted).   Loan servicers are also in

15 privity with the owners of the loan they service.   See Keo v.

16 Fed. Home Loan Mortg. Corp., No. 19-cv-02688-RS, 2019 WL

17 4394372, at *6 (N.D. Cal. Sept. 13, 2019); see also Tobin v.

18 Nationstar Mortg., Inc., No. 16-cv-00836-CAS(ASx), 2016 WL

19 1948786, at *8 (C.D. Cal. May 2, 2016).

20      Plaintiff's first suit, the 2012 suit, was brought against

21 JP Morgan Chase Bank, N.A. and California Reconveyance Co.   RJN

22 Ex. E.   Plaintiff's third suit, the June 2017 suit, was brought

23 against Caliber Home Loans, Inc.   RJN Ex. T.   Caliber, the

24 foreclosing servicer, and LSF9 MPT, the foreclosing owner of the

25 loan, have a successive relationship to Chase, the prior loan

26 owner and loan servicer that transferred its interest to Caliber

27 and LSF9 MPT.   Thus, the parties here are in privity with Chase

28 and the judgment entered in Chase's favor from the first case

                                   11

1   precludes Plaintiff from raising the same claims against Caliber

2   and LSF9 MPT.  See Lomeli, 2015 WL 12746210 at *6.

3   Additionally, Caliber was a defendant in the third Miller case.

4   Accordingly, the judgment entered in that action also bars

5   Plaintiff from recovering against Caliber or LSF9 MPT here.  See

6   Keo, 2019 WL 4394372 at *6.

7        Because claims one, two, three, four, five, and seven

8   involve the same causes of action brought in Plaintiff's first

9   and second suit, which resulted in a final judgment on the

10  merits comprised of the same parties or those in privity with

11  Defendants, the Court finds they are barred under the doctrine

12  of claim preclusion.  Boeken v. Philip Morris USA, Inc., 48

13  Cal.4th 788, 797 (2010) (internal quotation marks omitted).

14  These claims are DISMISSED WITH PREJUDICE as amendment would be

15  futile.

16              2. Conversion Claim

17       To state a cause of action for conversion, a plaintiff must

18  show: (1) plaintiff's ownership or right to possession of

19  personal property at the time of conversion; (2) the defendant's

20  conversion by a wrongful, intentional act; and (3) damages.

21  Shopoff & Cavallo LLP v. Hyon, 167 Cal.App.4th 1489, 1507

22  (2008).

23       Defendant LSF9 MPT argues Plaintiff has failed to state a

24  claim of conversion as his allegations, coupled with the

25  judicially noticeable facts, show that he did not have ownership

26  or the right to possession of the personal property at the time

27  of the conversion.  MTD at 14-15.  Defendant notes that the writ

28  of possession issued in the unlawful detainer action included a

1    notice to Plaintiff that LSF9 MPT could dispose of all items

2    left at the Property pursuant to California Code of Civil

3    Procedure § 1174, unless Plaintiff paid to store the items and

4    took possession of the items within fifteen days after Defendant

5    possessed the Property.  Id. at 14.  Defendant argues that

6    because they took possession of the Property on May 16, 2018 and

7    Plaintiff alleges he did not demand return of his belongings

8    until July 3, 2018, well beyond the fifteen-day deadline, he has

9    failed to state a claim.  Id.

10        But as Plaintiff points out, this argument relies on a

11   refutation of the facts pled in the complaint, which is not

12   appropriate at the motion to dismiss stage.  Opp'n at 15.  While

13   the Court can take judicial notice of the existence of the

14   application for the order to vacate judgment as a public record,

15   it cannot take judicial notice of the fact that the Sheriff

16   completed a lockout at the Property on May 16, 2018.  See Lee v.

17   City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001)

18   (explaining that the district court could take judicial notice

19   of the fact of the extradition hearing and the fact that a

20   Waiver of Extradition was signed but not the disputed facts

21   stated within those public records.)  In his complaint Plaintiff

22   alleges that during either June or July 2018, Defendant LSF9 MPT

23   took possession of the Property and caused the taking of his

24   personal property.  Compl. ¶ 139.  Then around July 3, 2018

25   Plaintiff sought the return of his property but Defendant LSF9

26   MPT refused.  Id. ¶ 140.  As pled, Plaintiff could have

27   requested the personal property within the fifteen-day period.

28   Thus, he could have had ownership rights to the personal

13

1   property at the time of conversion.

2       Accordingly, Defendants' motion to dismiss the sixth claim

3   for conversion is DENIED.  If LSF9 MPT did take possession of

4   the Property on May 16, 2018, they may seek summary judgment on

5   this claim.

6                       III.   SANCTIONS

7       The Court's Order re Filing Requirements ("Order"), ECF No.

8   3-2, limits memoranda in support of and opposition to motions to

9   dismiss to fifteen pages.  Order at 1.  It limits reply memoranda

10  to five pages.  Id.  A violation of the Order requires the

11  offending counsel (not the client) to pay $50.00 per page over

12  the page limit to the Clerk of Court.  Id.  Moreover, the Court

13  does not consider arguments made past the page limit.  Id.

14      Plaintiff's opposition brief exceeded the page limit by six

15  pages.  Plaintiff's counsel must therefore send a check payable

16  to the Clerk for the Eastern District of California for $300.00

17  no later than seven days from the date of this Order.

18  Defendants' reply brief also exceeded the page limit by six

19  pages.

20      Defendants' counsel must therefore send a check payable to

21  the Clerk for the Eastern District of California for $300.00 no

22  later than seven days from the date of this Order.[2]

23                        IV.   ORDER

24      For the reasons set forth above, the Court GRANTS

25  _____

26  [2] While the Court acknowledges Defendants claimed they needed to
    violate the Order so that they could address all the arguments

27  Plaintiff made going over the page limit, see Reply at 6,
    Defendants still did not seek leave of Court to do so and thus

28  are also sanctioned.  Order at 1.

                            14

Defendants' request to dismiss claims one, two, three, four, five, and seven.  These claims are dismissed WITH PREJUDICE. Defendants' request to dismiss claim six for conversion is DENIED.

　　　IT IS SO ORDERED.

Dated:  June 9, 2021

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE