UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT EDWARD MILLER,<br><br>    Plaintiff,<br><br>  v.<br><br>JP MORGAN CHASE BANK, N.A. et al,<br><br>    Defendant. | No. 2:21-cv-00061-JAM-KJN<br><br>**ORDER GRANTING DEFENDANTS CALIBER HOME LOANS, INC. AND U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST'S MOTION FOR ENTRY OF VEXATIOUS LITIGANT ORDER** |

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007) (internal citation omitted). Although pre-filing orders are an extreme remedy that should be used cautiously, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." Id. at 1057. This is especially true in the Eastern District of California where

1

judges carry the heaviest caseloads in the nation. Immobiliare, LLC v. Westcor Land Title Ins. Co., 424 F.Supp.3d 882, 885 (E.D. Cal. 2019). Before entering a pre-filing order, the Court must ensure the following four factors are satisfied: (1) the litigant has received notice and an opportunity to be heard; (2) there is an adequate record for review; (3) the district court has made substantive findings about the frivolous or harassing nature of the plaintiff's litigation; and (4) the order must be narrowly tailored to the circumstances. Id.

Here, the Court finds all four factors have been satisfied. First, Plaintiff had fair notice of the possibility he might be declared a vexatious litigant and have a pre-filing order against him because Defendants' filed a motion, which he had the opportunity to oppose and in fact, did so oppose. See id. at 1058; Opp'n, ECF No. 10. Second, there is an adequate record for review. Defendants have requested the Court take judicial notice of three actions filed in State Court by Plaintiff, one adversary complaint filed in the Bankruptcy Court for the Eastern District of California, and the subsequent orders granting dismissal.[1] See Defs.' Req. for Judicial Notice ("RJN"), ECF No. 11 Ex. D, E, F, I, J, K, M, V, W, X, Y. This Vexatious Litigant Order is based on these prior cases.

Third, for the reasons stated in this Court's Order granting Defendants Caliber and LSF9 MPT's Motion to Dismiss in part, the Court finds the first, second, third, fourth, fifth, and seventh

---

[1] As matters of public record these documents are proper subjects of judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001). Accordingly, Defendants' request for judicial notice is GRANTED.

causes of action to be frivolous.  As discussed more thoroughly in that Order, those claims are premised on the theory that Defendants or their assignors, had no right to foreclose upon the property, something the State Court rejected not once but twice. RJN Ex. F, Q.  Accordingly, these claims are all barred by the doctrine of res judicata.  The Court also finds this has been done in a harassing manner.  This is the fourth suit Plaintiff has brought to disrupt foreclosure of the Property.  RJN Ex. D, F, I, L, M, O.  This is in addition to numerous bankruptcy proceedings and an adversary complaint.  RJN Ex. X at 2-11.  As Bankruptcy Judge Sargis stated dismissing Plaintiff's 2020 bankruptcy filing, finding it was brought in bad faith:

> Rather than a "reorganization" purpose, Debtor Herbert Miller is instead demonstrating a "court shopping" effort and is seeking to obtain an injunction free of complying with the requirements of Federal Rule of Civil Procedure 65 or the state law equivalent.  It appears that Debtor Herbert Miller having tried to, and failed, in litigating through the front doors of the state court and the district court, is attempting now to litigate in Federal Court through the side door of the Bankruptcy Court.  RJN Ex. X at 37.

This Court agrees with Bankruptcy Judge Sargis that Plaintiff has improperly used the judicial process to prolong the foreclosure process and now hamper Defendants' right to transfer the Property.

Fourth, the pre-filing order is narrowly tailored to the circumstances as it only restricts Plaintiff's future filings regarding the Subject Property against these Defendants. Accordingly, Defendants' Motion is GRANTED. IT IS HEREBY ORDERED that:

3

1. Plaintiff shall not file any additional pleadings, motions, or other materials against Caliber Home Loans, Inc. or U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust concerning the real property commonly known as 305 Hilton Drive, Applegate, California 95703 before the United States District Court or Superior Court of California, until all such complaints have been subjected to pre-filing review by a Judge of this Court.
2. Defendants are entitled to attorneys' fees from Plaintiff's attorney Judson Henry pursuant to 28 U.S.C. § 1927.  If the parties cannot agree on an amount Defendant may bring a motion for attorneys' fees but must do so in accordance with Local Rule 293.

IT IS SO ORDERED.

Dated: June 9, 2021

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

4