UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT EDWARD MILLER,<br><br>Plaintiff,<br><br>v.<br><br>CALIBER HOME LOANS, INC, et al.,<br><br>Defendants. | No. 2:21–cv–61–JAM–KJN<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS<br><br>(ECF No. 38.) |

Presently pending before the court is plaintiff's motion to proceed in forma pauperis ("IFP") on appeal, filed in tandem with his notice of interlocutory appeal. (ECF No. 38.) Although plaintiff is currently still represented by counsel, the district judge assigned to this case referred the IFP matter to the undersigned for resolution under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72. (See ECF No. 40.)

For the reasons stated below, the undersigned recommends plaintiff's IFP motion be denied. See Tripati v. Rison, 847 F.2d 548, 548-49 (9th Cir. 1988) (absent consent of all parties, magistrate judge lacks authority to issue dispositive order denying in forma pauperis status).

///
///
///
///

1

**Background**

In January 2021, plaintiff (represented by counsel) paid the filing fee and filed a complaint against defendants J.P. Morgan Chase Bank, N.A., Caliber Home Loans, Inc., and U.S. Bank Trust, N.A. (ECF No. 1.) As such, plaintiff was not previously granted in forma pauperis status in the district court.

Defendants entered their appearances, and filed motions to dismiss and to declare plaintiff a vexatious litigant; plaintiff opposed. (ECF Nos. 8, 10, 14, 15, 19, 20, 21.) On June 10, 2021, the assigned district judge granted defendants' motion to dismiss in part and denied in part, ultimately leaving a sole claim for conversion against U.S. Bank. (ECF No. 28.) The district judge also entered a vexatious litigant order against plaintiff, restricting him from filing any more claims in this court against defendants regarding his mortgage. (ECF No. 29.) The court issued judgment in favor of defendant J.P. Morgan Chase, and defendants Caliber and U.S. Bank filed answers. (ECF No. 33, 34, 35.)

On July 6, 2021, counsel for plaintiff moved to be relieved as counsel, which plaintiff did not oppose, and the matter was set for a September 14, 2021 hearing. (ECF No. 36.) The following day, plaintiff himself filed a notice of interlocutory appeal and the instant motion to proceed IFP in his interlocutory appeal. (ECF Nos 37, 38.)

**Legal Standards**

Title 28 U.S.C. Section 1915 authorizes a party to proceed in an action "without prepayment of fees or security" if that party is unable to pay such fees. However, under subsection (a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445).

Federal Rule of Appellate Procedure 24 provides that "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." Fed. R. App. P. 24(a)(1).

**Analysis**

The court finds plaintiff's application should be denied for two reasons. As to the core reason for plaintiff's application, the undersigned finds plaintiff does not qualify for IFP status based on his affidavit. Plaintiff attests he has a annual retirement income of $17,500 and has $500 in liquid assets. (See ECF No. 38.) According to the United States Department of Health and Human Services, the current poverty guideline for a household of 1 (not residing in Alaska or Hawaii) is $12,880.00. See https://aspe.hhs.gov/poverty-guidelines. As plaintiff's gross household income is over the 2021 poverty guideline, the court cannot find plaintiff qualifies for IFP status. To be sure, the court is sympathetic to the fact that plaintiff does not have a large income, and that plaintiff also has several expenses to contend with. However, numerous litigants in this district have significant monthly expenditures, and may have to make difficult choices as to which expenses to incur, which expenses to reduce or eliminate, and how to apportion their income between such expenses and litigating an action in federal court. Such difficulties in themselves do not amount to indigency. Thus, the court recommends plaintiff's IFP motion be denied. See Tripati, 847 F.2d at 548-49 (denials of in forma pauperis status to be resolved on findings and recommendations by magistrate judge).

Further, the undersigned finds plaintiff's appeal is frivolous. As noted in the district court's vexatious litigant order, plaintiff's causes of action related to his mortgage (the same on which he is attempting to appeal from) were explicitly found to be frivolous:

> As discussed more thoroughly in [the dismissal] Order, those claims are premised on the theory that Defendants or their assignors, had no right to foreclose upon the property, something the State Court rejected not once but twice. Accordingly, these claims are all barred by the doctrine of res judicata. The Court also finds this has been done in a harassing manner. This is the fourth suit Plaintiff has brought to disrupt foreclosure of the Property. This is in addition to numerous bankruptcy proceedings and an adversary complaint.

((ECF No. 29.) at 3 (cleaned up).) Plaintiff's appeal should be certified as not taken in good faith.[1]

---

[1] Further of note, plaintiff's sixth claim against Caliber and U.S. Bank is still live, and the district court has yet to rule on whether counsel will be excused from representing plaintiff.

**RECOMMENDATIONS**

For the above reasons, the undersigned recommends plaintiff's application to proceed IFP in his interlocutory appeal be denied. These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). No objections period is required for IFP denials. Minetti v. Port of Seattle, 152 F.3d 1113, 1114 (9th Cir. 1998), as amended (Sept. 9, 1998) ("[Plaintiff] was not entitled to file written objections to the magistrate judge's recommendation that [his] application to proceed in forma pauperis be denied.").

Dated: July 12, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mill.61